No. 9344.

SHETLER, ET AL. v. STROUD.

CONTRACTS—*Construed.*   A contract recited that under a pending sale, plaintiff would acquire certain land subject to encumbrances aggregating $17,000.00; that defendant within one year should pay plaintiff at the rate of $10.00 per acre for the equity in said land; that the payment might be made in notes due in one and two years, with interest, etc., and secured by second mortgage; that the land should be sold in two parcels, particularly described, each subject to encumbrance for a specified sum; that defendant should pay all taxes; that deeds of conveyance "in parcels as aforesaid" should be placed in the hands of a person named, to be delivered in payment, "in the manner above specified for land sold", and that the contract was "contingent upon plaintiff's acquiring the land subject to encumbrances not exceeding $17,000.00".

There being no provision for a conveyance except for land sold and only after the sales made, held either a contract of agency or an option.

*Error to Denver District Court, Hon. John I. Mullins, Judge.*

*Department One.*

Mr. WENDELL STEPHENS, for plaintiffs in error.

No appearance for defendant in error.

Opinion by Mr. Justice Teller.

THIS case involves the construction of a contract between the plaintiffs in error, real estate brokers, and the defendant in error.

The material parts of the contract, in which plaintiffs in error were parties of the second part, are as follows:

"THAT WHEREAS a sale has been pending wherein the first party will acquire title to the East half of Section Six and the Southwest quarter of Section Five, T. 3 N. R. 18 W. in Harlan County, Nebraska, subject to encumbrances aggregating $17,000;

AND WHEREAS the second parties are desirous of securing title to the above described land in the event that the sale aforesaid is effected;

IT IS NOW, THEREFORE, in consideration of One ($1.00) Dollar to each party in hand paid, hereby mutually agreed;

That the second parties shall, within one year from date, pay to the first party at the rate of Ten ($10) Dollars per acre for the equity in the above described 480 acres or a total of $4,800, which payment may be made as follows: Five ($5.00) Dollars in cash and Five ($5.00) Dollars in notes due in one or two years with interest at six per cent, payable annually, secured by second mortgage on such land, for each acre of land sold by second parties;

That said land shall be sold in two parcels, to-wit: (a) the Northeast quarter of Section six, subject to an encumbrance of not to exceed $6,000; (b) the Southeast quarter of Section six and the southwest quarter of Section five, subject to an encumbrance of not to exceed $7,500; provided that in the event of the sale of this parcel there is not

sufficient cash paid to pay 1st party $5 cash per acre, then 1st party will accept $2.50 cash per acre and $7.50 in notes per acre.

That the second parties will pay all back taxes and interest and meet future payments of taxes and interest as they may fall due in order to protect first party from the loss or forfeiture of the aforesaid equity so to be acquired by him in said land;

That deeds of conveyance in parcels as aforesaid shall be placed in escrow with W. A. Spangler to be delivered to second parties or assigns upon payment of Ten ($10.00) Dollars per acre in the manner above specified for land sold:

That second parties waive and release T. J. Stroud and C. E. Adams, Jr., from all claims for commission or services as brokers for the sale of the Stroud and Adams ranch in Adams County, Colorado.

That this contract is contingent upon first party acquiring the equity in the above described land subject to encumbrances not exceeding a total of $17,000, within ten days."

Defendant in error was plaintiff below, and sought to recover $4,800, as the purchase price of the 480 acres.

Defendants demurred, setting up that the contract on its face was an option, which they had never exercised. The demurrer was overruled. Defendants then answered, denying liability on the contract, and setting up special defenses and a counter-claim for the $2,500 brokers' fee, mentioned in the contract, which are not necessary to be considered.

The cause having been referred, the referee found for the plaintiff and judgment was entered accordingly.

A careful study of the contract satisfies us that it is either an option, or a contract of agency, and not a contract of purchase. Its subject matter was land, of which the plaintiff was negotiating a purchase. In case he acquired title to the land, the defendants were, within one year, to pay at the rate of ten dollars per acre, one-half in cash and one-half in notes, for each acre of land sold by them.

It provided for the sale of the land in two parcels, and

for the acceptance of $2.50 cash per acre, instead of $5.00 in case such a change in terms was necessary.

Defendants were to pay taxes and interest as they fell due to protect the plaintiff from loss or forfeiture of the equity which he was acquiring.

Deeds were placed in escrow for delivery on payment of ten dollars per acre for land *sold.*

Defendants released plaintiff from a claim against him for a brokers' commission.

Nowhere in the instrument is there any provision for a deed to defendants except for lands sold by them, nor are they required to pay anything except the sums for which it is stipulated that the land shall be sold, which payments are to be made when the land has been sold.

The person acquiring title to the land prescribes the price and terms of sale, and could never be compelled to convey the land to the defendants until it had been sold, at the price and on the terms fixed by the owner. Defendants are required to pay the taxes and interest, not to protect their interest in the property, but the owner's interest.

If the land could not be sold on the prescribed terms, the defendants incurred no liability under the contract; and a judgment for the amount for which they would be liable if the 480 acres were all sold at ten dollars per acre is wholly without foundation in the absence of evidence of such sale. There is no such evidence.

The judgment is accordingly reversed, with directions to dismiss the case.

Chief Justice Garrigues and Mr. Justice Burke concur.